# Thompson *v.* Town of Luverne.

*Action upon Interest Coupons and Bonds.*

1. *Constitutional law; act of incorporating town does not allow issuance of bonds to build court house.*—The provisions of the section of an act entitled "An Act to incorporate the town of Luverne, in the County of Crenshaw, and State of Alabama," seeking to convey upon said town the power and authority to issue bonds for the purpose of building a court house for the County of Crenshaw in the town of Luverne, are not germane or cognate to, or indicated or expressed by, the title of said act; and such section is unconstitutional and void, being violative of Article IV, Section 2 of the Constitution, which requires that "each law shall contain but one subject, which should be clearly expressed in its title"; and bonds issued under such act for the purpose of building a court house are invalid and unenforceable.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. D. M. POWELL, Special Judge.

FRED S. BALL, for appellant.

BRICKEN & BRICKEN, *contra.*

McCLELLAN, C. J.—This is an action by Thompson against Luverne on interest coupons attached to certain bonds issued by said town under the supposed authorization of section 8 of an act of the General Assembly, approved February 6, 1891. The title of this act is as follows: "To incorporate the town of Luverne, in the county of Crenshaw, and State of Alabama." Section 8 of this act is in the following language: "Section 8.—Be it further enacted, that the said mayor and council of the said town of Luverne are hereby authorized and empowered to borrow a sum of money not exceeding twenty-five thousand dollars, for the purpose of building a court house in said town, should the county seat of Crenshaw county be removed

to said town, and for the purpose of building public school houses and other needed public buildings; and for that purpose the said mayor and council are hereby authorized and empowered to issue negotiable coupon bonds in such denominations as they see fit, bearing interest at the rate of not more than eight per cent. per annum, and running for such time as said mayor and council may determine, not to exceed twenty-five years, and to sell the said bonds to the best advantage for the benefit of said town, at not less than 95 cents on the dollar, the coupons thereof to be receivable in payment of all taxes and other dues to the said town of Luverne. Said bonds to be exempt from municipal taxes in Crenshaw county." Acts of 1890-91, p. 408. The bonds issued by the town contain a recitation that they were issued "under an act of the General Assembly of Alabama, approved February 6, 1891, entitled 'An act to incorporate the town of Luverne, in the county of Crenshaw, and State of Alabama,' "—the act to which we have referred; and they show on their faces that 250 bonds, each for $100, aggregating $25,000, the whole amount attempted to be authorized,—were issued. The coupons refer specially to the bonds to which they were severally originally attached by numbers and otherwise. It thus appeared by the face of the bonds and the coupons that both the bonds and the coupons were issued under said section of said act for the purpose of building a court house for the county of Crenshaw in the town of Luverne, and such was the fact; and the only question in the case is whether the provision in section 8 of the act for the issuance of bonds by the town to raise money to build a county court house is germane or cognate to, covered by, indicated in, or expressed in the title of the act "To incorporate the town of Luverne, in the county of Crenshaw, and State of Alabama," within the mandatory requirement of section 2, Art. IV, of the constitution, "Each law shall contain but one subject, which shall be clearly expressed in its title." That it is not, that the building of a county court house is a subject entirely different and distinct from and foreign to the

subject of the incorporation of a municipality, that such subject is in no sense expressed in a title proposing only to incorporate a town, is too clear to require argument, or the citation of any of the very numerous decisions of this court covering the point. The circuit court correctly gave the affirmative charge to the jury on the theory that section 8 of said act is unconstitutional and void, and its judgment must be affirmed.

Affirmed.